BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAY 11 1978

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE GENERAL AIRCRAFT CORPORATION  )
ANTITRUST/TORT CLAIMS ACT LITIGATION )

DOCKET NO. 344

5/4/78

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHARIMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, JOSEPH S. LORD, III, STANLEY A. WEIGEL,
ANDREW A. CAFFREY, AND ROY W. HARPER, JUDGES OF THE PANEL.

PER CURIAM

   This litigation consists of two actions, one in the District of the District of Columbia and one in the Eastern District of Virginia.

   Both actions arise from the same general factual allegations. General Aircraft Corporation (GAC), the plaintiff in both actions, states that during a twenty year period from 1955 to 1975 it was the manufacturer of two short take off and landing ("STOL") type aircraft. GAC alleges that it was the victim of a vendetta conducted by officers of the Central Intelligence Agency (CIA), CIA proprietaries[1] and private defendants to drive GAC out of the STOL business. GAC alleges that this vendetta stemmed from GAC's refusal to conduct its STOL sales under the auspices of a CIA proprietary, Air America, Inc. (Air America).

---

[1] A proprietary is a business entirely owned or operated by the CIA which either actually does business as a private firm or appears to do business under commercial guise.

More specifically, GAC alleges that Air America; its subsidiary, Air Asia Company, Ltd. (Air Asia); and their former chief executive officer, George A. Doole, Jr. (Doole), used the extensive power of these two air proprietaries to obtain the agreement of two private companies, Continental Air Services (CAS) and Bird & Sons, Inc. (Bird), not to purchase GAC's STOL aircraft. Instead, GAC alleges, the two private companies agreed to buy STOL aircraft manufactured by Fairchild Industries, Inc. (Fairchild). Additionally, GAC alleges that without authorization from GAC, Air Asia illegally obtained GAC engineering documents and manufactured at Air Asia's Taiwan facilities complete STOL aircraft and inferior replacement parts which Air Asia passed off as GAC products. GAC also alleges that Air America and Doole deliberately and without foundation disparaged GAC's STOL aircraft and caused GAC to lose so many sales in Nepal, the Phillipines, Greece and other countries that GAC was finally forced to discontinue production of STOL aircraft. Finally, GAC alleges that CIA agents held themselves out as GAC employees as a cover for their operations in the Far East, that this was without permission from GAC, and that GAC suffered losses when potential customers concluded that GAC was a front for the CIA.

The District of Columbia action is brought against, inter alia, Air America, Air Asia, Doole, Bird, CAS and Fairchild. GAC charges that all defendants engaged in a conspriacy to boycott and disparage GAC's products in violation of Sections 1 and 2 of the Sherman Act.

GAC has brought the Virginia action against the United States under the Tort Claims Act, alleging that the United States tortiously interfered with GAC's contractual relations.

Air America, Air Asia and Doole move the Panel, pursuant to 28 U.S.C. § 1407, for transfer of the Virginia action to the District of the District of Columbia for coordinated or consolidated pretrial proceedings with the action pending there. Bird, Fairchild and the United States support the motion to transfer. GAC, at the hearing before the Panel on this matter, acknowledged the advantages of transfer, but urges that the Eastern District of Virginia is the more appropriate transferee forum.

We find that these two actions involve common questions of fact and that transfer under Section 1407 of the Virginia action to the District of the District of Columbia for coordinated or consolidated pretrial proceedings with the action pending there will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

As all parties to this litigation recognize, both actions share complex factual questions concerning defendants' conduct over a twenty year period, notwithstanding the presence of different legal theories of liability. These complex common factual questions relate to the alleged CIA vendetta, the alleged disparagement of GAC's STOL aircraft by the CIA, the alleged use of unauthorized "cover" by CIA agents, the alleged promotion of Fairchild's STOL aircraft by the CIA and Doole, and the reasons why various foreign governments allegedly declined to deal with GAC. Additionally, threshold factual questions involving the relevant statute of limitations and concomitant allegations of fraudulent concealment are common to both actions. Transfer under Section 1407 is thus necessary, even though only two actions are involved, in order to avoid duplication of time-consuming discovery, eliminate the possibility of inconsistent pretrial rulings, and otherwise conserve the efforts of the parties, the witnesses and the judiciary. We note that the courthouses where the two actions are now pending are but a few miles apart and that no party will be subjected to any significant inconvenience as a result of transfer. See generally In re Scotch Whiskey Antitrust Litigation, 299 F.Supp 543, 544 (J.P.M.L. 1969).

Either the District of the District of Columbia or the Eastern District of Virginia could be characterized as an appropriate transferee forum for this litigation.

Pretrial proceedings are advancing at the same pace in both districts, and each district is conveniently located with respect to the whereabouts of the parties, their anticipated **witnesses and relevant documents. On balance, however,** we are persuaded that the District of the District of Columbia is the preferable transferee forum. That district is the choice of the majority of the parties, see In re Sugar Industry Antitrust Litigation, 395 F. Supp. 1271, 1274 (J.P.M.L. 1975); all depositions thus far noticed in the two actions have been noticed there; and many of the acts allegedly perpetrated by several of the defendants are alleged to have occurred there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on the following Schedule A and pending in the Eastern District of Virginia be, and the same hereby is, transferred to the District of the District of Columbia and, with the consent of that court, assigned to the Honorable June L. Green for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

DOCKET NO. 344 -- IN RE GENERAL AIRCRAFT CORP. ANTITRUST/
TORTS CLAIM ACT LITIGATION

## SCHEDULE A

### DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| General Aircraft Corp. v. Air America, et al. | Civil Action No. 77-1926 |

### EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| General Aircraft Corp. v. U.S.A. | Civil Action No. 77-829A |